IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL STEWART,

    Plaintiff,                    No. CIV S-03-0149 FCD PAN P

    vs.

D. RUNNELS, et al.,

    Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On June 12, 2006, plaintiff filed a document styled "Request for Order Prison Officials to Assist or Transfer Plaintiff." In that document, plaintiff alleges that prison officials at Kern Valley State Prison have deprived him of access to his legal material and have interfered with processing his mail to the court. The court construes this document as a request for preliminary injunctive relief.

        The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374,

1

1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. <u>Oakland Tribune</u>, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." <u>Id.</u> In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. <u>Id.</u>

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

In <u>Lewis v. Casey</u>, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions. <u>Lewis v. Casey</u>, 518 U.S. at 351. The right of access to the courts "guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." <u>Id.</u> at 356. Under <u>Lewis</u>, prison officials violate this constitutional right to access the courts if, by their acts, they prevent an inmate from bringing, or caused an inmate to lose, an actionable claim of this type. <u>Id.</u>

Plaintiff has not demonstrated that the acts complained of have or will in any cognizable way threaten his right of access to the courts. His request should therefore be denied.[1]

/////

/////

---

[1] The court notes that the claims in this action arose while plaintiff was incarcerated at High Desert State Prison, and all defendants are employees at High Desert. As a general rule, the court is unable to issue an order against individuals who are not parties to a suit pending before it. <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100 (1969).

1    In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's
2 June 12, 2006 request be construed as a request for preliminary injunction and, so construed, that
3 the request be denied.
4    These findings and recommendations are submitted to the United States District
5 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
6 days after being served with these findings and recommendations, any party may file written
7 objections with the court and serve a copy on all parties.  Such a document should be captioned
8 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
9 shall be served and filed within ten days after service of the objections.  The parties are advised
10 that failure to file objections within the specified time may waive the right to appeal the District
11 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
12 DATED: August 29, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

16  12
17  stew0149.pi