IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL STEWART,

        Plaintiff,                      No. CIV S-03-0149 FCD EFB P

    vs.

D. RUNNELS, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on the January 27, 2003, complaint in which plaintiff alleges that he was placed in administrative segregation, in violation of his constitutional rights after being found guilty of a false charge that he conspired to incite violence against inmates. Compl., Attach. at 1. The matter is now before the court on defendants' April 24, 2006, motion for summary judgment on the ground that plaintiff failed to exhaust the available administrative remedies.

**I.    Facts**

      At the time of the events described in the complaint, plaintiff was a prisoner at High Desert State Prison (HDSP). Defendants' Statement of Undisputed Facts ("SUF"), ¶ 1. Both before and after his incarceration, he was a member of the street gang known as the Crips. SUF

2. In 1984, he was validated by prison authorities as a member of the Crips. SUF 3. Although plaintiff claims to have dropped out of the Crips around 1999, he did nothing to let prison authorities know that he had dropped out, SUF 4, and he knows of no reason why any prison staff would know whether he had dropped out of the Crips. SUF 5.

On January 12, 2001, two instances of combat between inmates occurred at HDSP. SUF 6. On January 16, 2001, plaintiff was placed in administrative segregation. SUF 7. He was issued a California Department of Corrections and Rehabilitation ("CDCR") 114-D form (Administrative Segregation Unit Placement Notice) on that date stating that he was being placed in administrative segregation for instigating the violence of January 12, 2001. In addition, he received a CDCR 1030 form (Confidential Information Disclosure Form) stating that he was responsible for the fights that occurred on January 12, 2001. SUF 8. On January 27, 2001, plaintiff received a Rules Violation Report that accused him of conspiracy to batter inmates in connection with the incidents of January 12, 2001. SUF 9.

On February 22, 2001, the Institutional Classification Committee (ICC) reviewed plaintiff's placement in administrative segregation. At that meeting, "STEWART was . . . informed by this Committee that upon review of his case factors, it appears that he meets criteria as outlined in the memorandum of 11/27/00 violent activity." Defs.' Mot. for Summ. J., Ex. D.

On February 26, 2001, plaintiff appeared before a senior hearing officer for a hearing on the Rules Violation Report. SUF 10. He did not ask to call witnesses at the February 26 hearing; instead, he only asked that certain witnesses be interviewed, and this was done. SUF 11. Plaintiff was found guilty of conspiracy to batter inmates and assessed a 90 day loss of credits. SUF 12.

On March 22, 2001, the ICC met. The Committee noted that plaintiff had been given notice previously that he might be retained in administrative segregation based upon a pattern of escalating violence. Plaintiff was permitted to ask questions and challenge the basis for his Security Housing Unit ("SHU") assignment. Defs.' Mot. for Summ. J., Ex. F. He has testified

1  that had he been given an opportunity to speak further, he would only have reiterated his request
2  for certain documents.  SUF 13.  After reviewing plaintiff's central file and a 128-B investigative
3  report, Defs.' Mot. for Summ. J., Ex. G, prepared by Defendant Gillam, the committee retained
4  plaintiff in administrative segregation, issued him a new 114-D, *id*., Ex. H, issued him a copy of
5  the 128-B and appropriate 1030 forms, and referred the case to the classification staff
6  representative ("CSR").  SUF 14.  Plaintiff was told he would be retained in administrative
7  segregation, and would be endorsed for an indeterminate SHU term.  SUF 15.

8       On April 18, 2001, defendant was endorsed for an indeterminate SHU term by the CSR.
9  Defs.' Mot. for Summ. J., Ex. I.  He was released from administrative segregation on April 4,
10 2002.  Compl., ¶ 32.  Plaintiff filed a an administrative grievance, referred to as a "602 appeal"
11 regarding the original rules violation report of January 16, 2001.  Defs.' Mot. for Summ. J., Ex.
12 J.  He never filed a 602 appeal challenging any aspect of his endorsement for an indeterminate
13 SHU term, including any alleged deprivation of due process.

14       On August 27, 2004, defendants filed a motion to dismiss.  In an order filed March 21,
15 2005, plaintiff's complaints regarding his placement in administrative segregation between
16 January and March 2001 were dismissed.  The only claim to which defendants were ordered to
17 respond is plaintiff's claim that his endorsement to an indefinite SHU term on April 18, 2001
18 violated his right to due process under the Fourteenth Amendment to the United States
19 Constitution.

20 **II.    Standards Applicable to This Motion**

21      Defendants seek dismissal under Rule 12(b) of the Federal Rules of Civil Procedure.
22 While the Ninth Circuit has stated that  Rule 12(b) is the proper mechanism for resolving
23 questions arising under 42 U.S.C.§ 1997e(a), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003),
24 the reason underlying that decision has been undermined.  The Ninth Circuit found that failure to
25 exhaust was a matter in abatement which should be raised in a motion made under
26 ////

"unenumerated Rule 12(b)."[1]  *Wyatt*, 315 F.3d at 1119.  However, the United States Supreme Court recently clarified that failure to exhaust is an affirmative defense which defendant has the burden of pleading and proving.  *Jones v. Bock*, __ U.S. __, 127 S.Ct. 910, 921 (2007).  Federal courts appropriately consider affirmative defenses on summary judgment.  Here, defendant's motion necessarily requires the court to consider the affidavits and exhibits presented for the purpose of proving the absence of exhaustion.  Accordingly, the court finds that a motion for summary judgment is the proper mechanism for resolving the question of whether plaintiff satisfied the exhaustion requirement.

### III.    Rule 56 Standards

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[2]  As explained by the Ninth Circuit, the utility of Rule 56 to screen which cases actually require resolution of disputed facts over material issues (through presentation of testimony and evidence at trial) has been clarified and enhanced.

> In three recent cases, the Supreme Court, by clarifying what the non-moving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment. First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate.  *See Celotex Corp. v. Catrett*,

---

[1] *Wyatt* is clear that regardless of nomenclature, a motion attacking failure to exhaust is not a challenge to the sufficiency of the complaint.  It is a motion in which defendant must raise and prove by evidence the absence of exhaustion.  *Id.*  In this regard, the Ninth Circuit in *Wyatt* provides further guidance.  It recognizes that when the district court looks beyond the pleadings to a factual record in deciding the exhaustion motion it necessarily does so under "a procedure closely analogous to summary judgment."  *Id.*, n.14

[2] On July 31, 2006, the court expressly informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).  Pursuant to *Wyatt*, 315 F.3d at 1120, n.4, that order also expressly informed plaintiff of the requirements for opposing a failure to exhaust motion that is supported by affidavits or declarations and exhibits.

> 477 U.S. 317 (1986).  Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986) (emphasis added).  Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  No longer can it be argued that *any disagreement* about a material issue of fact precludes the use of summary judgment.

*California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert. denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added).  In short, there is no "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322).

**IV.     Failure to Exhaust**

The applicable statute is 42 U.S.C. § 1997e(a), which provides in relevant part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not.  The actual statue makes exhaustion a precondition to *suit*." (citation omitted)).  A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006).  Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of

judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002). Defendant has the burden of proving that plaintiff did not exhaust. *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005); *Wyatt*, 315 F.3d at 1119.

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the use of specific forms but contain no guidelines for grievance content. *Id*., at §§ 3084.2, 3085. Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed. *Id*., at § 3084.5. A division head reviews appeals on the first formal level, *see Id.*, at § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot resolve it), and the warden or a designee thereof reviews appeals on the second formal level. *See Id*., at § 3084.5(e)(1). Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. *Id*., at § 3084.1(a).

Here, defendants present evidence that plaintiff did not exhaust an appeal regarding his retention in administrative segregation on March 22, 2001, or his subsequent endorsement for an indeterminate SHU term on April 18, 2001. In his opposition to the motion plaintiff states that he did satisfy the exhaustion requirement because the claims arise from the same events or actions. Plaintiff does not cite to authority in support of this position. Moreover, the only appeal plaintiff filed relating to his placement in administrative segregation relates to his initial placement there, and the adjudication of his rules violation report on February 27, 2001. There is no evidence that he filed and pursued a 602 appeal of the April 18, 2001, decision by the ICC committee that plaintiff receive an indeterminate SHU term. The court finds, therefore, that plaintiff failed to exhaust administrative remedies prior to filing suit and recommends that defendants' motion for summary judgment be granted on that basis.

////

////

1  In accordance with the above, IT IS HEREBY RECOMMENDED that:

2  1.  Defendants' April 24, 2006, motion for summary judgment be granted; and

3  2.  The Clerk be directed to close the case.

4  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 10, 2007.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7